Exhibit 1

Clerk of the Superior Court
*** Electronically Filed ***
A. Sutton, Deputy
5/14/2021 3:25:19 PM
Filing ID 12896286

Troy P. Foster #017229
Megan N. Weides, #033552
**The Foster Group, PLLC**
902 W. McDowell Road
Phoenix, Arizona 85007
Tel: 602-461-7990
tfoster@thefosterlaw.com
mweides@thefosterlaw.com
*Attorneys for Plaintiff*

## IN THE SUPERIOR COURT OF ARIZONA

## IN THE COUNTY OF MARICOPA

| | |
|---|---|
| Francis P. Emerson, an individual; | Case No.: **CV2021-007994** |
| Plaintiff, | **COMPLAINT** |
| vs. | **(Jury Trial Demanded)** |
| Cognizant Technology Solutions U.S. Corporation, a foreign corporation. | |
| Defendant. | |

For his Complaint against Cognizant Technology Solutions U.S. Corporation, ("Defendant" or "Cognizant"), Francis P. Emerson ("Plaintiff") allege as follows:

### Background Allegations and Jurisdiction

1.      At all times relevant to this Complaint, Plaintiff resided in and was a citizen of Maricopa County, Arizona.

2.      At all times relevant to this Complaint, Cognizant Technology Solutions U.S. Corporation was a foreign corporation authorized to conduct, and was conducting business, in Maricopa County, Arizona.

3.      At all times relevant to this Complaint, Plaintiff was hired as a Senior Systems Engineer.

4.      Plaintiff's employment with Cognizant commenced on or about August 28, 2019 and concluded on or about February 20, 2021.

5.      The Plaintiff was an employee as defined by 29 U.S.C. § 203(e), A.R.S. § 23-350(2), and A.R.S. § 23-362(A).

6.      Cognizant is an employer as defined by 29 U.S.C. § 203(d), A.R.S. § 23-350(3), and A.R.S. § 23-362(B).

7.      Cognizant has an annual dollar volume of sales or business done of at least $500,000.

8.      Cognizant is not exempt from the Fair Labor Standards Act ("Act"), Arizona Employment Protection Act ("AEPA"), or other federal and state wage laws.

9.      Plaintiff's Complaint has been filed within the statute of limitation period as required by state law.

10.     Jurisdiction and venue are appropriate in this Court.

### General Allegations

11.     Plaintiff incorporates by this reference all the previous allegations as though fully set forth herein.

12.     Prior to his first day at Cognizant, Plaintiff was had to complete a background check.

13.     The background check consent stated it would check work history for the past five (5) years and criminal history for the past seven (7) years.

14.     Plaintiff was notified that there was a discrepancy in his work history and Cognizant asked him to correct it.

15.     Plaintiff inadvertently provided incorrect dates of employment for a job and his previous employer sent in a letter verifying dates of his employment.

16.     Plaintiff's start date was pushed back give (5) days in order to allow the background check to be completed.

17.     After this, Plaintiff was informed by Cognizant that everything was in order and he was cleared to start work on August 28, 2019.

18.     Plaintiff was a reliable employee, who would work overtime when asked or cover another employee's shift.

2

19.     In the Fall of 2020, Plaintiff and other colleagues were asked to work overtime, which Plaintiff happily agreed to.

20.     At some point in 2020, Plaintiff received a random email from someone at Cognizant informing him that his last three (3) or four (4) timesheets were rejected.

21.     The email further instructed him to resubmit his time sheets with only eight (8) hours a day and forty (40) hours a week.

22.     Plaintiff asked his manager and project manager about the email and both denied knowing anything about the email, or who sent it.

23.     Plaintiff questioned HR and/or payroll about how he would receive pay for the overtime he worked and was told it would come on another check.

24.     However, Plaintiff had many paychecks that would only be partial pay, or not come on paydays.

25.     When Plaintiff asked why he was getting partial pay, he was told it was because he failed to turn in his timesheet on time and he would receive retro pay on the next paycheck.

26.     The partial pay and retro pay on the next paycheck seemed to coincide with when Plaintiff worked overtime.

27.     In December of 2020, Plaintiff was notified that he was getting a performance raise of $1,000, retroactive to September 1, increasing his annual pay to $41,000.

28.     Around that same time, Plaintiff was contacted again by the same Cognizant employee, was told his timesheets had been returned by his manager, and that he needed to resubmit the timesheets with eight (8) hours a day, forty (40) hours a week.

29.     Plaintiff's manager denied the allegation that he rejected Plaintiff's timesheets.

30.     Now suspicious about if he had been fully compensated, Plaintiff reviewed his timesheets with his paystubs.

31.     With all of the retro pay and partial paychecks, it was nearly impossible to determine if Cognizant had fully paid Plaintiff.

3

32.     One thing was clear, Plaintiff was getting paid overtime at his regular rate, not at a time-and-a-half, and his hourly rate did not increase despite being told he received a raise.

33.     Not having confidence in Defendant, Plaintiff emailed its payroll team in January 2021 and requested a third-party to conduct an audit on his timesheets.

34.     Defendant refused to allow a third-party audit of Plaintiff's timesheets.

35.     Instead, Plaintiff was instructed to email any errors he saw to payroll and it would be reviewed.

36.     Defendant terminated Plaintiff about a month after his complaint about unpaid time and third-party audit request.

37.     Plaintiff was contacted by Defendant's HR on February 22, 2021, and was told that he failed his background check and was terminated as of February 20.

38.     However, any criminal history Plaintiff had was from 2011, which is more than the seven (7) years Defendant claimed was subject to review.

39.     Plaintiff questioned why HR was going further back than the seven (7) years he consented to, HR could not give him an answer.

40.     Nor was an answer provided when Plaintiff asked why it was not caught or mentioned when his work history discrepancy was brought to his attention.

41.     In addition, Plaintiff was informed that all employees who had worked the entire 2020 calendar year would receive a $1,400 bonus.

42.     Plaintiff was told by Defendant's employees that they received this bonus on or about March 12, 2021.

43.     Despite working the full 2020 calendar year, Plaintiff was never paid this bonus and it is still owed to him, along with the unpaid overtime at the proper rate, as well as damages for the wrongful termination.

## LEGAL CLAIMS

### Count One:  Violation of Fair Labor Standards Act and State Wage Laws

44.     Plaintiff re-alleges and reincorporates the allegations in paragraphs 1-43 as if fully set forth here.

45.     Pursuant to 29 U.S.C. § 207 and A.R.S. § 23-391, Plaintiff was entitled to compensation at a rate of one-and-a-half times the regular rate for a workweek longer than forty (40) hours.

46.     Defendant failed to pay Plaintiff additional compensation for work performed in excess of forty (40) hours a workweek, in violation of the Act and state law.

47.     Plaintiff is owed compensation for all the time that he worked overtime and was not paid one-and-a-half times.

48.     Defendant deliberately manipulated Plaintiff's timesheets to avoid paying him any overtime rate.

49.     Defendant would demand that Plaintiff resubmit timesheets to only have eight (8) hours a day and forty (40) hours a week.

50.     Defendant would also classify Plaintiff's overtime as "retro regular pay" and/or claim it was to make up for partial paychecks for Plaintiff's alleged failure to submit timesheets on time.

51.     Plaintiff was subsequently terminated for reporting his beliefs that Defendant was violating the Act, in violation of 29 U.S.C. § 215(a)(3).

52.     Plaintiff is entitled to recover lost wages and an amount equal to twice the unpaid and underpaid overtime wages, and his reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b).

53.     Plaintiff is entitled to recover his unpaid wages in an amount treble to the amount of unpaid wages, pursuant to A.R.S. § 23-355.

54.     Additionally, Defendant is subject to a fine of no more than $10,000 for its violations of the Act pursuant to 29 U.S.C. § 216(a).

**Count Two: Violation of Arizona Employment Protection Act**

55.     Plaintiff re-alleges and reincorporates by reference paragraphs 1-54 as if fully set forth here.

56.    In January of 2021, Plaintiff told Defendant's payroll team that he believed he was not fully compensated for his overtime and requested a third-party audit his timesheets.

57.    Plaintiff was told that no such audit would be conducted and directed him to the payroll team.

58.    Plaintiff reasonably believed that Defendant was violating Arizona wage laws by failing to fully compensate him or pay him an overtime rate.

59.    On February 22, 2021, Plaintiff was notified that he was being terminated effective February 20, 2021.

60.    The reason given was that Plaintiff failed his background check.

61.    However, Defendant never mentioned it being a problem before, despite finding another discrepancy in Plaintiff's work history not long after he was hired.

62.    Furthermore, the criminal record was outside of the time frame that Defendant claimed it would review.

63.    These facts coupled with the timing of Plaintiff's payroll complaint and his termination are evidence of pretext and causation.

64.    Plaintiff is entitled to recover any remedies available for a tort claim, pursuant to A.R.S. § 23-1501, which includes his lost wages, pain and suffering, and reasonable attorneys' fees and costs.

## Count Three:  Unjust Enrichment

65.    Plaintiff re-alleges and reincorporates by reference paragraphs 1-64 as if fully set forth here.

66.    Plaintiff worked overtime for the Defendant and was not fully compensated for it.

67.    Defendant purposely manipulated Plaintiff's timesheets in order to avoid paying him the overtime rate.

68.    The financial benefit gained by Defendant is at the detriment of Plaintiff.

69.    Defendant retained the benefit of Plaintiff's work without commensurate compensation.

70.     Plaintiff is entitled to compensation for all the time he worked for Defendant.

71.     Plaintiff is also entitled to recover his reasonable attorneys' fees and costs associated with this action.

### Conclusion

**THEREFORE**, Plaintiff respectfully requests the following relief:

A.  A judgment in his favor against Defendant;

B.  An award of unpaid wages to be determined at trial, pursuant to 29 U.S.C. § 207 and A.R.S. § 23-391;

C.  An award of liquidated damages for the lost wages and unpaid and underpaid overtime, pursuant to 29 U.S.C. § 216;

D.  An award of treble damages for the unpaid and underpaid overtime, pursuant to A.R.S. § 23-355;

E.  An award of treble damages for the unpaid 2020 bonus, in the amount of $4,200, pursuant to A.R.S. § 23-355;

F.  An award of compensatory damages, pursuant to A.R.S. § 23-1501;

G.  Statutory penalties for willful violations of 29 U.S.C. § 207, and other state laws;

H.  Injunctive relief against Defendant to prohibit future wage law violations;

I.  Pre- and post-judgment interest on award;

J.  Reasonable attorneys' fees and costs; and

K.  All other appropriate equitable relief.

**DATED** this 14th day of May, 2021.

**The Foster Group, PLLC**


/s/ _Megan Weides_
Troy P. Foster
Megan Weides
902 W. McDowell Road
Phoenix, Arizona 85007
*Counsel for Plaintiff*

# Exhibit 2

Clerk of the Superior Court
*** Electronically Filed ***
A. Sutton, Deputy
5/14/2021 3:25:19 PM
Filing ID 12896286

Troy P. Foster #017229
Megan N. Weides, #033552
**The Foster Group, PLLC**
902 W. McDowell Road
Phoenix, Arizona 85007
Tel: 602-461-7990
tfoster@thefosterlaw.com
mweides@thefosterlaw.com
*Attorneys for Plaintiff*

## IN THE SUPERIOR COURT OF ARIZONA

## IN THE COUNTY OF MARICOPA

| | |
|---|---|
| Francis P. Emerson, an individual; | Case No.: **CV2021-007994** |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Cognizant Technology Solutions U.S. Corporation, a foreign corporation. | **(Jury Trial Demanded)** |
| Defendant. | |

For his Complaint against Cognizant Technology Solutions U.S. Corporation, ("Defendant" or "Cognizant"), Francis P. Emerson ("Plaintiff") allege as follows:

### Background Allegations and Jurisdiction

1.     At all times relevant to this Complaint, Plaintiff resided in and was a citizen of Maricopa County, Arizona.

2.     At all times relevant to this Complaint, Cognizant Technology Solutions U.S. Corporation was a foreign corporation authorized to conduct, and was conducting business, in Maricopa County, Arizona.

3.     At all times relevant to this Complaint, Plaintiff was hired as a Senior Systems Engineer.

4.     Plaintiff's employment with Cognizant commenced on or about August 28, 2019 and concluded on or about February 20, 2021.

5.     The Plaintiff was an employee as defined by 29 U.S.C. § 203(e), A.R.S. § 23-350(2), and A.R.S. § 23-362(A).

6.     Cognizant is an employer as defined by 29 U.S.C. § 203(d), A.R.S. § 23-350(3), and A.R.S. § 23-362(B).

7.     Cognizant has an annual dollar volume of sales or business done of at least $500,000.

8.     Cognizant is not exempt from the Fair Labor Standards Act ("Act"), Arizona Employment Protection Act ("AEPA"), or other federal and state wage laws.

9.     Plaintiff's Complaint has been filed within the statute of limitation period as required by state law.

10.    Jurisdiction and venue are appropriate in this Court.

### General Allegations

11.    Plaintiff incorporates by this reference all the previous allegations as though fully set forth herein.

12.    Prior to his first day at Cognizant, Plaintiff was had to complete a background check.

13.    The background check consent stated it would check work history for the past five (5) years and criminal history for the past seven (7) years.

14.    Plaintiff was notified that there was a discrepancy in his work history and Cognizant asked him to correct it.

15.    Plaintiff inadvertently provided incorrect dates of employment for a job and his previous employer sent in a letter verifying dates of his employment.

16.    Plaintiff's start date was pushed back give (5) days in order to allow the background check to be completed.

17.    After this, Plaintiff was informed by Cognizant that everything was in order and he was cleared to start work on August 28, 2019.

18.    Plaintiff was a reliable employee, who would work overtime when asked or cover another employee's shift.

2

19.     In the Fall of 2020, Plaintiff and other colleagues were asked to work overtime, which Plaintiff happily agreed to.

20.     At some point in 2020, Plaintiff received a random email from someone at Cognizant informing him that his last three (3) or four (4) timesheets were rejected.

21.     The email further instructed him to resubmit his time sheets with only eight (8) hours a day and forty (40) hours a week.

22.     Plaintiff asked his manager and project manager about the email and both denied knowing anything about the email, or who sent it.

23.     Plaintiff questioned HR and/or payroll about how he would receive pay for the overtime he worked and was told it would come on another check.

24.     However, Plaintiff had many paychecks that would only be partial pay, or not come on paydays.

25.     When Plaintiff asked why he was getting partial pay, he was told it was because he failed to turn in his timesheet on time and he would receive retro pay on the next paycheck.

26.     The partial pay and retro pay on the next paycheck seemed to coincide with when Plaintiff worked overtime.

27.     In December of 2020, Plaintiff was notified that he was getting a performance raise of $1,000, retroactive to September 1, increasing his annual pay to $41,000.

28.     Around that same time, Plaintiff was contacted again by the same Cognizant employee, was told his timesheets had been returned by his manager, and that he needed to resubmit the timesheets with eight (8) hours a day, forty (40) hours a week.

29.     Plaintiff's manager denied the allegation that he rejected Plaintiff's timesheets.

30.     Now suspicious about if he had been fully compensated, Plaintiff reviewed his timesheets with his paystubs.

31.     With all of the retro pay and partial paychecks, it was nearly impossible to determine if Cognizant had fully paid Plaintiff.

3

32.     One thing was clear, Plaintiff was getting paid overtime at his regular rate, not at a time-and-a-half, and his hourly rate did not increase despite being told he received a raise.

33.     Not having confidence in Defendant, Plaintiff emailed its payroll team in January 2021 and requested a third-party to conduct an audit on his timesheets.

34.     Defendant refused to allow a third-party audit of Plaintiff's timesheets.

35.     Instead, Plaintiff was instructed to email any errors he saw to payroll and it would be reviewed.

36.     Defendant terminated Plaintiff about a month after his complaint about unpaid time and third-party audit request.

37.     Plaintiff was contacted by Defendant's HR on February 22, 2021, and was told that he failed his background check and was terminated as of February 20.

38.     However, any criminal history Plaintiff had was from 2011, which is more than the seven (7) years Defendant claimed was subject to review.

39.     Plaintiff questioned why HR was going further back than the seven (7) years he consented to, HR could not give him an answer.

40.     Nor was an answer provided when Plaintiff asked why it was not caught or mentioned when his work history discrepancy was brought to his attention.

41.     In addition, Plaintiff was informed that all employees who had worked the entire 2020 calendar year would receive a $1,400 bonus.

42.     Plaintiff was told by Defendant's employees that they received this bonus on or about March 12, 2021.

43.     Despite working the full 2020 calendar year, Plaintiff was never paid this bonus and it is still owed to him, along with the unpaid overtime at the proper rate, as well as damages for the wrongful termination.

## **LEGAL CLAIMS**

### **Count One:  Violation of Fair Labor Standards Act and State Wage Laws**

44. Plaintiff re-alleges and reincorporates the allegations in paragraphs 1-43 as if fully set forth here.

45. Pursuant to 29 U.S.C. § 207 and A.R.S. § 23-391, Plaintiff was entitled to compensation at a rate of one-and-a-half times the regular rate for a workweek longer than forty (40) hours.

46. Defendant failed to pay Plaintiff additional compensation for work performed in excess of forty (40) hours a workweek, in violation of the Act and state law.

47. Plaintiff is owed compensation for all the time that he worked overtime and was not paid one-and-a-half times.

48. Defendant deliberately manipulated Plaintiff's timesheets to avoid paying him any overtime rate.

49. Defendant would demand that Plaintiff resubmit timesheets to only have eight (8) hours a day and forty (40) hours a week.

50. Defendant would also classify Plaintiff's overtime as "retro regular pay" and/or claim it was to make up for partial paychecks for Plaintiff's alleged failure to submit timesheets on time.

51. Plaintiff was subsequently terminated for reporting his beliefs that Defendant was violating the Act, in violation of 29 U.S.C. § 215(a)(3).

52. Plaintiff is entitled to recover lost wages and an amount equal to twice the unpaid and underpaid overtime wages, and his reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b).

53. Plaintiff is entitled to recover his unpaid wages in an amount treble to the amount of unpaid wages, pursuant to A.R.S. § 23-355.

54. Additionally, Defendant is subject to a fine of no more than $10,000 for its violations of the Act pursuant to 29 U.S.C. § 216(a).

**Count Two: Violation of Arizona Employment Protection Act**

55. Plaintiff re-alleges and reincorporates by reference paragraphs 1-54 as if fully set forth here.

5

56.     In January of 2021, Plaintiff told Defendant's payroll team that he believed he was not fully compensated for his overtime and requested a third-party audit his timesheets.

57.     Plaintiff was told that no such audit would be conducted and directed him to the payroll team.

58.     Plaintiff reasonably believed that Defendant was violating Arizona wage laws by failing to fully compensate him or pay him an overtime rate.

59.     On February 22, 2021, Plaintiff was notified that he was being terminated effective February 20, 2021.

60.     The reason given was that Plaintiff failed his background check.

61.     However, Defendant never mentioned it being a problem before, despite finding another discrepancy in Plaintiff's work history not long after he was hired.

62.     Furthermore, the criminal record was outside of the time frame that Defendant claimed it would review.

63.     These facts coupled with the timing of Plaintiff's payroll complaint and his termination are evidence of pretext and causation.

64.     Plaintiff is entitled to recover any remedies available for a tort claim, pursuant to A.R.S. § 23-1501, which includes his lost wages, pain and suffering, and reasonable attorneys' fees and costs.

## **Count Three:  Unjust Enrichment**

65.     Plaintiff re-alleges and reincorporates by reference paragraphs 1-64 as if fully set forth here.

66.     Plaintiff worked overtime for the Defendant and was not fully compensated for it.

67.     Defendant purposely manipulated Plaintiff's timesheets in order to avoid paying him the overtime rate.

68.     The financial benefit gained by Defendant is at the detriment of Plaintiff.

69.     Defendant retained the benefit of Plaintiff's work without commensurate compensation.

6

70.     Plaintiff is entitled to compensation for all the time he worked for Defendant.

71.     Plaintiff is also entitled to recover his reasonable attorneys' fees and costs associated with this action.

## Conclusion

**THEREFORE**, Plaintiff respectfully requests the following relief:

A.  A judgment in his favor against Defendant;

B.  An award of unpaid wages to be determined at trial, pursuant to 29 U.S.C. § 207 and A.R.S. § 23-391;

C.  An award of liquidated damages for the lost wages and unpaid and underpaid overtime, pursuant to 29 U.S.C. § 216;

D.  An award of treble damages for the unpaid and underpaid overtime, pursuant to A.R.S. § 23-355;

E.  An award of treble damages for the unpaid 2020 bonus, in the amount of $4,200, pursuant to A.R.S. § 23-355;

F.  An award of compensatory damages, pursuant to A.R.S. § 23-1501;

G.  Statutory penalties for willful violations of 29 U.S.C. § 207, and other state laws;

H.  Injunctive relief against Defendant to prohibit future wage law violations;

I.   Pre- and post-judgment interest on award;

J.   Reasonable attorneys' fees and costs; and

K.  All other appropriate equitable relief.

**DATED** this 14th day of May, 2021.

**The Foster Group, PLLC**

/s/ Megan Weides
Troy P. Foster
Megan Weides
902 W. McDowell Road
Phoenix, Arizona 85007
*Counsel for Plaintiff*

7

Exhibit 3

1   Mark Ogden; AZ Bar No. 017018
    mogden@litler.com
2   Amanda Breemes; AZ Bar No. 030687
    abreemes@litler.com
3   LITTLER MENDELSON, P.C.
    2425 East Camelback Road, Suite 900
4   Phoenix, AZ 85016
    Telephone: 602.474.3600
5   Facsimile: 602.926.8949
    Attorneys for Defendant
6

7

8                    **IN THE SUPERIOR COURT OF ARIZONA**

9                       **IN THE COUNTY OF MARICOPA**

10  Francis P. Emerson,                          Case No.: CV2021-007994

11              Plaintiff,                        **NOTICE TO ADVERSE PARTY OF
                                                  REMOVAL OF CIVIL ACTION TO**
12  vs.                                           **FEDERAL COURT**

13  Cognizant Technology Solutions U.S.
    Corporation, a foreign corporation.          (Assigned to the Honorable Joan
14                                                Sinclair)
                Defendants.
15

16

17  **TO:    Francis P. Emerson and His Attorney(s) of Record:**

18          PLEASE TAKE NOTICE that on June 17, 2021, Defendant Cognizant Technology

19  Solutions U.S. Corporation filed a Notice of Removal of Civil Action in the United States

20  District Court for the District of Arizona under 28 U.S.C §§1331 (Federal Question), 1441,

21  1446 and Local Rule 3.6.  A copy of the Notice of Removal is attached as Exhibit A.

22          DATED this 17th day of June, 2021.

23

24

25                                  *s/Amanda Breemes*
                                    Mark Ogden
26                                  Amanda Breemes
                                    LITTLER MENDELSON, P.C.
27                                  Attorneys for Defendant

28

LITTLER MENDELSON, P.C.
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

1  ORIGINAL of the foregoing filed via
   AZTurboCourt and e-served via email
2  and mail this 17th day of June, 2021, to:

3

   Troy P. Foster
4  Megan Weides
   THE FOSTER GROUP, PLLC
5  902 E. McDowell Road
   Phoenix, AZ 85007
6  tfoster@thefosterlaw.com
   mweides@thefosterlaw.com
7  *Attorneys for Plaintiff*

8

   *s/ Stephany Mitchell*
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

-2-

Exhibit 4

1  Mark Ogden; AZ Bar No. 017018
   mogden@litler.com
2  Amanda Breemes; AZ Bar No. 030687
   abreemes@litler.com
3  LITTLER MENDELSON, P.C.
   2425 East Camelback Road, Suite 900
4  Phoenix, AZ 85016
   Telephone: 602.474.3600
5  Facsimile: 602.926.8949
   Attorneys for Defendant
6

7

8                    **IN THE SUPERIOR COURT OF ARIZONA**

9                    **IN THE COUNTY OF MARICOPA**

| 10 | Francis P. Emerson, | Case No.:  CV2021-007994 |
|---|---|---|
| 11 | Plaintiff, | **NOTICE TO STATE COURT OF REMOVAL OF ACTION TO FEDERAL COURT** |
| 12 | vs. | |
| 13 | Cognizant Technology Solutions U.S. Corporation, a foreign corporation. | (Assigned to the Honorable Joan Sinclair) |
| 14 | | |
| 15 | Defendants. | |

16

17  **TO:   THE CLERK OF THE SUPERIOR COURT OF ARIZONA, COUNTY OF MARICOPA:**

18         PLEASE TAKE NOTICE that on June 17, 2021, Defendant Cognizant Technology

19  Solutions U.S. Corporation filed a Notice of Removal of Civil Action in the United States

20  District Court for the District of Arizona under 28 U.S.C §§ 1331 (Federal Question), 1441

21  and 1446.  A copy of the Notice of Removal is attached as Exhibit A.

22         DATED this 17th day of June, 2021.

23

24

25                              s/Amanda Breemes
                                Mark Ogden
26                              Amanda Breemes
                                LITTLER MENDELSON, P.C.
27                              Attorneys for Defendant

28

LITTLER MENDELSON, P.C.
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

ORIGINAL of the foregoing filed via AZTurboCourt and e-served via email and mail this 17th day of June, 2021, to:

Troy P. Foster
Megan Weides
THE FOSTER GROUP, PLLC
902 E. McDowell Road
Phoenix, AZ 85007
tfoster@thefosterlaw.com
mweides@thefosterlaw.com
*Attorneys for Plaintiff*

*s/ Stephany Mitchell*

LITTLER MENDELSON, P.C.
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

-2-